UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDDIE RICHARDS | CIVIL ACTION |
| VERSUS | NO. 25-0133 |
| PAUL D. CONNICK, JR., ET AL. | SECTION "O"(4) |

**ORDER AND REASONS**

Plaintiff Eddie Richards filed suit on the prisoner § 1983 form alleging that Assistant District Attorney David Wheeler and Richards entered into an agreement regarding certain seized property, and Defendants breached that agreement. ECF No. 8 at 5-11. Although Richards attempted to file the complaint on January 14, 2025, the filing was deficient because he neither paid the filing fee nor requested leave to proceed *in forma pauperis*. ECF Nos. 1, 2. In response to a show cause order, Richards paid the filing fee and cured the deficiencies. ECF Nos. 4, 5. Richards' complaint was docketed on April 18, 2025. ECF No. 8.

Although filed on the § 1983 form, Richards does not appear to allege any constitutional violation. Rather, his claim appears based on Defendants' alleged breach of a consent agreement that he entered with them in state district court regarding the return of seized property. *Id.* at 6.

**I.     THE PENDING MOTION**

On June 20, 2025, Richards filed this Motion for Report and Recommendation. ECF No. 9. Richards states that, since he filed suit on January 14, 2025, no action has been taken and he cannot request service until the Court issues a Report and Recommendation. ECF No. 9 at 1. Richards asks that a Report and Recommendation be issued so that defendants can be served by the United States Marshals and his case can proceed forward. *Id.* at 4.

## II. STATUTORY FRIVOLOUS REVIEW

Under 28 U.S.C. § 1915A, the Court conducts a statutory frivolousness review in any civil action in which a prisoner seeks redress from a governmental entity, officer, or employee of the government, regardless of whether plaintiff paid the filing fee or is proceeding *in forma pauperis*.[1] Richards filed this § 1983 suit against Jefferson Parish District Attorney Paul D. Connick Jr., Assistant District Attorney David Wheeler, and the State of Louisiana, all of whom are governmental employees or entities. ECF No. 8, ¶III(B)-(D), at 4.

## III. APPLICABLE LAW AND ANALYSIS

### A. Service

Initially, under Rule 4(c) of the Federal Rules of Civil Procedure, a plaintiff is generally responsible for having the summons and a copy of the complaint served upon defendants within the time allowed by Rule 4(m). A plaintiff may request that the Court order service by the United States Marshal or other specially appointed person.[2] If, however, the plaintiff is financially eligible and granted *in forma pauperis* status under 28 U.S.C. § 1915, the Court must order service by the United States Marshal or other specially appointed person.[3] Because Plaintiff paid the filing fee, he is not proceeding as a pauper under 28 U.S.C. § 1915. Therefore, absent a court order granting plaintiff's motion, Plaintiff is not entitled to service by the United States Marshal.[4]

### B. Required Elements of § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or

---

[1] 28 U.S.C. § 1915A(a); *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir.1998). If the Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) also requires such review.

> usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[5]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[6] A plaintiff must satisfy three elements to establish § 1983 liability:

(1)   deprivation of a right secured by the U.S. Constitution or federal law;
(2)   that occurred under color of state law; and
(3)   was caused by a state actor.[7]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[8] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[9] "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[10]

C. **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the

---

[2] *See* Fed. R. Civ. P. 4(c)(3).

[3] *Id.*

[4] Under Fed. R. Civ. P. 4(c)(3), at the plaintiff's request the court may order service by the United States Marshal.

[5] 42 U.S.C. § 1983.

[6] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

[7] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).

[8] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).

[9] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

[10] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).

parties or otherwise that the court lacks jurisdiction of the subject matter.'"[11]  The party seeking the federal forum, in this case Plaintiff, has the burden of establishing subject matter jurisdiction.[12] If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[13]

The two most common bases for subject matter jurisdiction are diversity under 28 U.S.C. § 1332 or federal question under 28 U.S.C. § 1331.  Diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[14]  Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[15]  When, however, Eleventh Amendment immunity protects a defendant from suit, the Court lacks subject matter jurisdiction.[16]

## IV.  **CONCLUSION**

Given Plaintiff's use of the §1983 form and assertion that he is suing defendants in their individual and official capacity and that defendants were acting under the color of state law, it appears he is attempting to assert a claim based on federal question jurisdiction.  However, Richards fails to cite any federal statute or constitutional basis for his § 1983 claims. ECF No. 8 at

---

[11] *Avitts v. Amoco Prod. Co*., 53 F.3d 690, 693 (5th Cir. 1995) (quoting FED. R. CIV. P. 12(h)(3)).

[12] *Bynane v. Bank of N.Y. Mellon,* 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).

[13] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).

[14] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).   Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."  *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).

[15] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008); *see also Rivet v. Regions Bank of La*., 522 U.S. 470, 475 (1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

[16] *Warnock v. Pecos Cnty., Tex*., 88 F.3d 341, 343 (5th Cir. 1996).

7-8. Further, it appears as though there is no subject matter jurisdiction over Plaintiff's claims against the State of Louisiana based on Eleventh Amendment immunity. And to the extent he contends that defendants should not have disposed of his property until his criminal conviction is deemed final, an ongoing or final underlying criminal conviction related to the consent agreement would implicate a *Heck v. Humphrey*, 512 U.S. 477 (1994) bar to the § 1983 claim.

Based on the existing record, the Court is thus unable to complete the required frivolous review and issue a Report and Recommendation without further information. Accordingly,

**IT IS ORDERED** that Richards provide the Court with the following information regarding his criminal charges on or before **August 8, 2025:**

1. A written list of the full names of all persons whom plaintiff contends violated his constitutional rights under the facts alleged in this lawsuit.
2. The specific criminal charges brought against him in relation to his claims regarding his seized property, including:
    a. a listing of all charges in any bill or indictment
    b. the date of any bill or indictment
    c. the current status of all charges
    d. disposition of each charge, including whether same was resolved via trial, plea, or otherwise.
3. The details surrounding execution of the consent agreement involving his property and any correlation between the consent agreement to his criminal charges.

Plaintiff must send a copy of the above information **to the Court and to any opposing counsel.**

Failure to comply with the orders of this Court may result in dismissal of this action.

**IT IS FURTHER ORDERED** that Eddie Richards's Motion for Report and Recommendation (ECF No. 9) is **DENIED.**

New Orleans, Louisiana, this __9th__ day of July, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE