**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

EDDIE RICHARDS                                    CIVIL ACTION

VERSUS                                            NO. 25-133

PAUL D. CONNICK, JR., ET AL.                      SECTION "O"

## ORDER

Before the Court are Plaintiff Eddie Richards' objections[1] to the Magistrate

Judge's Report and Recommendation in which the Magistrate Judge recommends

dismissal of Plaintiff's complaint, which—though styled as a 42 U.S.C. § 1983

complaint by a prisoner relating to conditions or officials—alleges breach of a consent

agreement with Defendants regarding the resolution of a dispute over certain

property forfeited in connection with Plaintiffs' arrest and conviction on state

criminal charges. Performing *de novo* review, and finding no merit to Plaintiff's

objections, the Court will overrule Plaintiff's objections, adopt the Report and

Recommendation in full, dismiss Plaintiff's § 1983 claim, and decline to exercise

supplemental jurisdiction over Plaintiff's remaining state law claim.

Plaintiff Eddie Richards, *pro se*, is incarcerated at Rayburn Correctional

Center. He sued Jefferson Parish District Attorney Paul Connick, Jr. and Assistant

District Attorney David Wheeler due to Defendants' alleged "refus[al] to obey and

comply with . . . Consent Agreements," which: were entered into between Defendants

and Plaintiff, through his then-counsel; approved by the state court; and pertained to

---

[1] ECF No. 15.

Defendants' agreement to return certain property seized from Plaintiff due to certain conduct which later formed the basis for state-court conviction.[2] Plaintiff alleges that he previously succeeded in obtaining a state-court order that Defendants shall return to Plaintiff all seized property or face sanctions.[3] Though Defendants returned certain funds previously seized Plaintiff alleges that Defendants "failed to return the 2008 Mercedes Benz" and, upon inquiry, Defendants advised Plaintiff's family that they sold the car to another person.[4] Plaintiff claims that he promised the car to his son as a graduation gift and "no amount of money in this entire world, could ever replace said car, period."[5] Through the instant lawsuit, Plaintiff seeks redress in the form of $1 million in damages; he additionally requests that all involved in the failure to return his property be criminally charged.[6]

In her Report and Recommendation,[7] the Magistrate Judge recommends that the Court: (i) dismiss any § 1983 claim based on negligent or intentional sale of the vehicle as barred by *Heck v. Humprey*, 512 U.S. 477 (1994*); (ii) dismiss for failure to state a claim any § 1983 claim based on negligent or intentional sale of a vehicle, preserving to Plaintiff any available state tort or breach of contract remedy; and (iii) decline to exercise supplemental jurisdiction and thus dismiss without prejudice Plaintiff's breach of contract claim. In objecting[8] to the Report and Recommendation,

---

[2] ECF No. 8; ECF No. 13.

[3] ECF No. 8.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] ECF No. 13.

[8] ECF No. 15.

Plaintiff contends that this is the second time the Court has failed to address the merits of a lawsuit he filed,[9] thus denying him equal protection and access to federal court, as he is forced to twice pay filing fees. Plaintiff also objects to the characterization of his complaint as advancing claims that could be *Heck*-barred because he seeks a civil remedy. Finally, Plaintiff objects to his case "being transferred back to state court," contending that such outcome is precluded by *res judicata*.[10]

Construing Plaintiff's "filings liberally because he is a *pro se* litigant," *Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)), the Court finds that Plaintiff's objections do not undermine or call into question any aspect of the Magistrate Judge's Report and Recommendation. First, the Court agrees with the Magistrate Judge's Report and Recommendation that—insofar as Plaintiff purports to assert a § 1983 claim based on the initial seizure of his property—any such claim is barred by *Heck v. Humprey*, 512 U.S. 477 (1994).[11] Second, if Plaintiff attempts to state a claim against Defendants for the State's sale of his property in contravention of the parties' consent agreement, no such claim is cognizable under § 1983. This is so because—in

---

[9] For this objection, Plaintiff points to Civil Action Number 25-273, where another section of this Court *granted* Plaintiff's motion to remand his lawsuit pertaining to an incident where he was pushed out of his wheelchair while at Rayburn Correctional Center. Removed from state court, Civil Action Number 25-273 followed a prior civil action, Number 24-1529, which was filed in another section of this Court by Plaintiff. Civil Action Number 24-1529, however, was dismissed: after Plaintiff's § 1983 claims were dismissed with prejudice as frivolous, the Court declined to exercise supplemental jurisdiction over, and thus dismissed without prejudice, Plaintiff's state law claims. *See, e.g.,* 25-273 (ECF No. 27); 24-1529 (ECF No. 7).

[10] *Id.*

[11] For his part, Plaintiff disclaims an intention to pursue any claim that might implicate the *Heck* bar. ECF No. 15.

accordance with the *Parratt/Hudson* doctrine—"random and unauthorized" deprivation of property neither violates the Constitution nor states a claim under § 1983 where, as here, adequate state post-deprivation remedies are available and the alleged deprivation was not effected through such established state procedure. *See, Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). That Defendants allegedly acted intentionally or negligently in improperly selling Plaintiff's vehicle—allegedly in defiance of state procedures or agreements—fails to implicate the Fourteenth Amendment. *See Charbonnet v. Lee*, 951 F.2d 638, 641 (5th Cir. 1992). Plaintiff's redress for an erroneous deprivation instead is limited to pursuing state-law remedies, which provide all the process required. *See Harrell v. Matthews*, No. 94-1431, 1994 WL 504416, at \*2 (E.D. La. May 18, 1994) (citation omitted), *adopted*, 1994 WL 449451 (E.D. La. Aug 16, 1994) (holding that the magistrate judge "correctly found that Louisiana state tort law provides an adequate post-deprivation remedy for" the defendants' seizure of the plaintiff's car upon the plaintiff's arrest). As such, the claim Plaintiff purports to pursue—be it breach of contract or conversion of property—arises under state law and specifically pertains to state-court post-seizure proceedings.[12]

Where, as here, Plaintiff alleges that Defendants failed to comply with agreements or state process in selling instead of returning his seized vehicle, the

---

[12] *See, e.g.,* ECF No. 13 n. 2 (observing that the state court approved the parties' consent judgment).

availability of adequate state post-deprivation remedies fails to implicate a federal constitutional violation and thus fails to state a claim arising under federal law. Having found that Plaintiff fails to state a cognizable § 1983 claim, the Court in its broad discretion may—and, where, as here, federal claims are eliminated before trial, *should*—decline to exercise its jurisdiction over the state-law claim that remains. *See* 28 U.S.C. § 1367; *see also Brookshire Bros. Holding v. Dayco Prods.*, 554 F.3d 595, 602 (5th Cir. 2009); *Miller v. Dunn*, No. 24-10668, 2025 WL 32818, at \*2 (5th Cir. Jan. 6, 2025). Applying § 1367(c), and considering the common law factors of judicial economy, convenience, fairness, and comity, the Court finds that these factors weigh in favor of relinquishing federal in favor of state jurisdiction and thus the Court declines to exercise jurisdiction over Plaintiff's state-law claim and dismisses the same without prejudice.

Having conducted a *de novo* review of the Report and Recommendation in light of Plaintiff's objections, *see* 28 U.S.C. § 636(b)(1), the Court finds that Plaintiff's objections lack merit and therefore the Court will overrule the objections and adopt the Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections[13] are **OVERRULED**.

---

[13] ECF No. 15.

**IT IS FURTHER ORDERED** that the Report and Recommendation[14] is hereby accepted and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that any 42 U.S.C. § 1983 claim advanced by Plaintiff based on the initial seizure of his property is **DISMISSED** as barred by *Heck v. Humprey*, 512 U.S. 477 (1994).

**IT IS FURTHER ORDERED** that Plaintiff's § 1983 claim based on Defendants' alleged negligent or intentional sale of Plaintiff's vehicle is **DISMISSED** for failure to state a claim, preserving to Plaintiff any available state law tort or breach of contract claim.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1367, Plaintiff's state-law claim is **DISMISSED WITHOUT PREJUDICE** to pursuing such claim in state court.

**IT IS FURTHER ORDERED** that Plaintiff's expedited motion[15] for judgment on the pleadings is **DENIED AS MOOT**.

New Orleans, Louisiana, this 13th day of May, 2026.

---

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[14] ECF No. 13.
[15] ECF No. 14.